(78 Misc. Rep. 329.)

PEOPLE ex rel. BOARD OF EDUCATION OF CITY OF NEW YORK v. DRAPER, State Commissioner of Education, et al.

(Supreme Court, Special Term, Albany County. November 29, 1912.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 61*)—PUBLIC SCHOOLS—POWER OF COMMISSIONER—JURISDICTION.

Under Education Law (Consol. Laws 1910, c. 16) § 880, providing that any person conceiving himself aggrieved by any official act of any school authority may appeal to the commissioner of education, the commissioner has jurisdiction of an appeal by the superintendent of schools of a municipality from an order of the city board of education fixing the lists of teachers eligible to the graduating class, where the superintendent contended that the duty of preparing such lists was by law cast on him, and it appeared that the order of the board of education would affect over 3,000 teachers; the superintendent thus being a person aggrieved, both as an officer and as a citizen, public education being a state matter, and not within the exclusive jurisdiction of the municipality, as is the paving of its streets.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 143; Dec. Dig. § 61.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. Prohibition (§ 1*)—Grounds—Want of Jurisdiction.
    The writ of prohibition will not issue to interfere with a jurisdiction expressly conferred by statute.
    [Ed. Note.—For other cases, see Prohibition, Cent. Dig. § 1; Dec. Dig. § 1.*]

Application by the People, on the relation of the Board of Education of the City of New York, for a writ of prohibition directed against Andrew S. Draper, as Commissioner of Education of the State of New York, and William H. Maxwell, as City Superintendent of Schools of the City of New York, to restrain the Commissioner from proceeding with an appeal. Writ denied.

Archibald R. Watson, Corp. Counsel, of New York City (Charles McIntyre, of New York City, of counsel), for relator.

Samuel H. Ordway, of New York City, for defendant Maxwell.

Alfred J. Talley, of New York City, for Association of Men Teachers on the Graduating Class Eligible List.

Denis R. O'Brien, of New York City, for holders of license No. 1.

Frank B. Gilbert, of Albany, for commissioner of education.

RUDD, J. The relator contends that the holders of certificates are entitled to be placed upon the graduating class eligible list, and that the determination of that question is one of law, and not a matter concerning which the city superintendent of schools of the city of New York can exercise discretion. The board of education called upon the corporation counsel of the city of New York for his opinion as to what licenses issued prior to the adoption of the revised charter qualified the holders to teach the graduating class, taking into consideration a resolution adopted by the school board for the boroughs of Manhattan and the Bronx on September 20, 1899, by which all its by-laws relating to license No. 2 and the head of department license were suspended. The corporation counsel says that the question submitted—

"is technical in the extreme, and involves an examination of several confusing statutory provisions and by-laws both of the board of education and of the four borough school boards as they existed under the first charter of the present city of New York."

From a reading of the elaborate and most carefully prepared briefs submitted by all parties, and particularly after a study of the argument of the corporation counsel, in an effort to sustain the opinion which he has given to the board of education, this court is inclined to agree with the parties to the controversy, and particularly with the corporation counsel, that the question submitted "is technical in the extreme." The corporation counsel has delivered to the board of education two opinions; the second one coming as the result of a question raised by a member of the board concerning the conclusion to which the corporation counsel came in the first opinion delivered.

The conclusion which the corporation counsel expressed in his opinion is that all persons holding license No. 1 or license No. 2 prior to [February 1, 1902, should be placed upon the eligible lists for the

ɪgraduating classes. The board of education, acting thereupon, passed the resolution from which the city superintendent of schools takes the appeal. The proceeding under which the board of education now seeks to restrain and prohibit is by invoking the issuance by the court of a state writ. In the brief of the corporation counsel filed upon this motion, however, the corporation counsel says:

"That the teachers who obtain license No. 1 after the adoption of the amendment of July 16, 1900, must have four years' prior ˙experience before becoming eligible for appointment or promotion to the graduating class."

It thus seems that in this respect the corporation counsel was in error when, in his opinion addressed to the board of education, he declared that all persons holding license No. 1 or No. 2 prior to February 1, 1902, were eligible to be placed upon the lists for the graduating class. The resolution of the board of education which gives rise to the conflict between that board and the city superintendent of schools directs the city superintendent and the board of examiners to place the names of all persons holding license No. 1 or No. 2 prior to February 1, 1902, upon the appropriate eligible lists for teachers of graduating classes.

The effect of this would be to place upon the eligible list 3,000 teachers, who would not be eligible under the existing by-laws of the board of education, and very many of whom, at least as stated in the affidavit of the city superintendent of schools, from his knowledge of them and of their qualifications, do not possess the qualifications which for nearly 10 years have been required by the board of education of those appointed as teachers of graduating classes.

[1] The appeal taken from the resolution of the board of education by the city superintendent of schools is under section 880 of the Education Law (Consol. Laws 1910, c. 16), which says:

"Any person conceiving himself aggrieved may appeal or petition to the commissioner of education, who is hereby authorized and required to examine and decide the same. ✱ ✱ ✱ Such appeal or petition may be made in consequence of any action: ✱ ✱ ✱ 7. By any ✱ ✱ ✱ official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to common schools."

The board of education, through the corporation counsel, contends that under this section of the Education Law the city superintendent of schools had no right to appeal from the resolution of the board of education, for the reason that the superintendent was not aggrieved by it, and, having no right to take the appeal, the commissioner of education consequently has no right to entertain it.

The corporation counsel, if the court understands his position, contends that those persons who have become eligible for appointment or assignment to the highest grade and to the graduating class prior to June 25, 1902, have, by virtue thereof, acquired vested or permanent rights, of which they could not be deprived by the adoption of a by-law requiring a different kind or grade of license, or additional academic or professional qualifications. The court does not understand that any adjudicated case has made this determination.

The Education Law of the state contemplates a vast system of

education of all grades, at the head of which stands the commissioner of education. While the law does not contemplate that any person may be deprived of a legal right, or that a right which has become vested may be destroyed, it certainly does contemplate that such disputes as arise in the administration of this enormous system should be passed upon and determined, at least so far as possible, by that department of the state upon which falls the burden and the responsibility of its proper and lawful administration. The phraseology of the statute under which the appeal is taken is suggestive. It provides that:

"Any person conceiving himself aggrieved may appeal or petition to the commissioner of education."

The city superintendent of schools certainly, by the position which he has taken, and now takes, at least, "conceives himself aggrieved." Who can say that he does not? In support of his position he says that after all, and in the last analysis, upon him (the superintendent) falls the responsibility for the proper conduct and management of the schools. The board of education holds him responsible. He assumes the responsibility, and he contends for what he understands to be his rights as such superintendent. He says that he alone has the power and right to prepare and make up all eligible lists, or, if he has not that power alone, it is vested in the board of examiners, of which he is a member, and that it is not vested in the board of education. He says that the board of education has power and authority to designate the kinds or grades of licenses and the qualifications therefor, and probably, also, the number and character of eligible lists that shall be made up; but the power and right to actually prepare and make up such lists is clearly vested in the city superintendent of schools. Whether he is right or wrong this court does not say. That is what he understands to be his right, which means that that is what he understands is the duty that falls upon him, which duty he assumes and is ready to fulfill.

The language of the law providing for the appeal is broad in its scope and apparently clear in its meaning. The commissioner of education is not obliged to entertain every appeal, even where the party taking the appeal conceives himself aggrieved, for section 881 of the Education Law gives to the commissioner power to decline to entertain and the power to dismiss an appeal when it shall appear that the appellant has no interest in the matter from which the appeal is taken and that the subject-matter of the appeal is not of public concern. The interest of the board of education in this matter is no greater than the interest of the superintendent. If the superintendent is not aggrieved, then the board of education should not be concerned with reference to the appeal that he has taken.

The commissioner of education of the state appears upon this application, not for the purpose of expressing an opinion concerning the merits thereof, and distinctly refrains therefrom; but the commissioner of education does appear for the purpose, apparently, of stating that this controversy, which has arisen between the board of edu-

cation and the city superintendent of schools, is of great importance to the public school system, requiring careful consideration of technical pedagogical principles, and exhaustive investigation of existing educational conditions in the city of New York, and the commissioner states that:

"With the facilities at his command he is able and prepared to dispose of them in strict accordance with the rights of the parties and the educational needs of the city and the state."

And for that reason, and that reason alone, the commissioner contends that it is his duty to oppose the decision of the board of education, when it says that the commissioner of education has no jurisdiction to entertain the appeal taken by the city superintendent of schools. The commissioner of education is the chief executive officer of the state education department, and as such has supervisory control over the state public school system, including the public schools of the city of New York. The powers and duties of the board of education and city superintendent of schools, including the regulation of the qualifications of teachers, are subject to the Education Law of the state and the supervision of the commissioner.

Public education is a state matter. The Constitution (article 9, § 1) provides that legislative enactment shall be made for "the maintenance and support of a system of free common schools, wherein all the children of this state may be educated." It is a state system and under state control, administered by local authorities, but remaining a part of the state system. The employment of teachers of the public schools of the city of New York is not a city function, in the same sense that the care of the streets of the city is. The policy of the state has been, even in the great centers of population and under municipal government, to divorce the business of public education from other municipal interests. The state commissioner of education is clothed with the official duty and responsibility of reviewing the acts of a board of education pertaining to the qualification of the teachers and their eligibility to appointment in the public schools of the city. The board of education of the city of New York is not exempted from these broad supervisory powers.

This court does not pretend, and does not propose to endeavor, to pass upon the merits of this technical and difficult question. The matter here is one of jurisdiction. If the city superintendent of schools under the law had the right to appeal, and the commissioner of education of the state had the right to entertain the appeal, a state writ should not be issued by the court to prevent such an orderly procedure. The question pertaining to the rights of more than 3,000 teachers to appointment to certain positions in the public schools of the city of New York, concerning which appointment there is a difference of opinion between the members of the board of education of the city and between the board of education and the city superintendent of schools, is one which properly should be left, under the law and in accordance with the law, to the commissioner of education in the exercise of the powers conferred upon him by statute.

The commissioner has not assumed any jurisdiction, as it is alleged. The appeal has been taken by one who conceives himself aggrieved. He takes it in a dual capacity. He takes the appeal as a citizen and as an official, and under the law the commissioner of education has the right to entertain the appeal.

[2] A writ of prohibition, granted by the court upon the theory for which the corporation counsel stands, that the commissioner of education has assumed jurisdiction, could only issue out of the court upon the assumption by the court that the commissioner of education ·under the law was not authorized to hear such an appeal, and that upon the hearing of it he would not make a determination in accordance with the merits involved. Such assumption this court cannot make. Upon the appeal taken by the city superintendent, not only the merits involved will be presented to the commissioner of education, but the question as to whether the city superintendent is aggrieved, which has been raised by the relator's answer to the appeal brought by the city superintendent, and that question is pending before the commissioner of education, and it can be determined by him.

As before stated, the commissioner has the power to dismiss the appeal if it is not properly taken. It is not, as I understand it, contended by the board of education, through the corporation counsel, that the commissioner of education has not jurisdiction of the subject-matter involved in this controversy. If certainly the same question could be brought before the commissioner by one of the teachers, whose position upon the eligible lists was adversely affected by the resolution of the board, and if the commissioner of education has jurisdiction of the subject-matter, he can determine whether the city superintendent of schools· is aggrieved, or whether he conceives himself aggrieved, by the act of the board of education. The writ of prohibition should not issue to interfere with the exercise of a jurisdiction which is expressly conferred upon the commissioner of education.

The motion by the relator for the issuance of a writ of prohibition is denied, with $50 costs.